UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ASHBY Q. BURKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| COMMUNITY HEALTH SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Community Health Systems, Inc. (hereinafter the "Defendant"), pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, respectfully, submits this Notice of Removal for the purpose of removing the above-captioned action from the Chancery Court of Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee.[1]

As grounds for this Notice of Removal, Defendant shows as follows:

1. Defendant appears, by and through counsel, for the limited purpose of removing this action from the Chancery Court of Davidson County, Tennessee. Defendant reserves the right to raise all defenses and objections in this action after its removal to this Court.

2. On December 30, 2013, Plaintiff Ashby Q. Burks (hereinafter the "Plaintiff") filed a Complaint in the above-captioned action styled *Ashby Q. Burks v. Community Health Systems, Inc.*, in the Chancery Court for Davidson County, Tennessee, Case No. 13-1795-IV. Defendant was served with a copy of the Complaint and the Summons on December 30, 2013, a date less

---

[1] Community Health Systems, Inc., is a holding company. It has no employees; neither is it a "Sponsor" or "the Administrator" of the CHS/Community Health Systems, Inc. Plan.

than thirty (30) days before the filing of this Notice of Removal. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served upon Defendant in the state court suit are attached to this Notice as **Exhibit A** and incorporated herein.

3. This action is of a civil nature wherein the Plaintiff seeks the recovery of certain health insurance benefits that he alleges are due, and demands participation in the CHS/Community Health Systems, Inc. Group Health Plan (hereinafter the "CHS/Plan"), an employee welfare benefit plan; to enforce rights under the CHS/Plan; and to clarify rights to future benefits. (*See generally*, Compl; *see also* Declaration of Pam Waterman ¶¶ 4-6, Ex. A.)[2] Specifically, Plaintiff seeks a declaratory judgment that "he, his wife and his two children are entitled to continued health insurance coverage under the CHS/Plan and the Purchase Agreement"[3] and a "restraining order and temporary and permanent injunctions against the defendant, Community Health Systems, Inc. terminating coverage of plaintiff, his wife and children under the CHS Plan." (*See* Compl., Prayer for Relief, p. 8.) Such claims arise under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (*See generally*, Compl; Waterman Decl. ¶¶ 4-6, Ex. A.) Plaintiff himself acknowledges as such because, in Plaintiff's verified Complaint, Plaintiff cites two ERISA provisions, 29 U.S.C. § 1132(a)(1)(B) and (e)(1), for jurisdiction for his claims "to entertain actions to enforce the provisions of health insurance plans." (Compl. ¶ 3.)

4. Plaintiff's alleged state law claims include allegations that he, his wife, and his two adult children have a continued right to participation in the CHS/Plan. Plaintiff's claim is

---

[2] The Declaration of Pam Waterman, the Senior Director of Human Resources and Benefit Administration for Community Health Systems Professional Service Corporation, is attached to this Notice of Removal as **Exhibit B**.

[3] According to the allegations in the Complaint, the "Purchase Agreement" is the "Agreement and Plan of Merger by and between Quorum Health Group, Inc. and Triad Hospitals, Inc., dated October 18, 2000." Community Health Systems, Inc., was not a party to that Purchase Agreement; Plaintiff offers no support for the assertion that the alleged obligation was "assumed" by the named Defendant.

based on a demand for benefits due under ERISA and, therefore, the claims are completely preempted by ERISA. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) ("This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA.").

5. In this case, the ERISA nature of the Plaintiff's claims is obvious from the Complaint itself. However, even if it were not so obvious, ERISA would preempt all claims premised upon state law asserted against Defendant by the Plaintiff in his Complaint, and ERISA would provide exclusive federal remedies for resolution of his benefit claims. 29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court that is preempted by ERISA and that falls within the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court pursuant to 28 U.S.C. § 1141(b) as an action arising under federal law, even if the ERISA nature of the claim does not appear on the face of the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Cromwell*, 944 F.2d at 1276 ("It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit.").

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, § 1441(b) and 29 U.S.C. § 1132(e) because the Plaintiff seeks the recovery of certain health insurance benefits that he alleges are due under the Plan, an employee welfare benefit plan governed by ERISA. Furthermore, Plaintiff seeks to enforce claimed rights under the CHS/Plan, and to clarify claimed rights to future benefits under the terms of the CHS/Plan. Such claims fall

3

within the scope of 29 U.S.C. § 1132(a)(1)(B), Section 502(a)(1)(B) of ERISA. As a civil action founded on a claim or right under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), (b) and (c).

7. There is only one defendant, and it consents to removal of this action.

WHEREFORE, Defendant hereby removes the action pending against it in the Chancery Court for Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*John P. Rodgers*

Charles J. Mataya (BPR No. 12710)
John P. Rodgers (BPR No. 30324)
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-2324
F: (615) 252-6324
cmataya@babc.com
jrodgers@babc.com

*Attorneys for Defendant Community Health Systems, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was delivered by hand delivery to:

Douglas Berry
Berry & Harris, PLLC
201 4th Avenue North
Suite 1420
Nashville, TN 37219
P: (615) 251-5447
F: (615) 251-5453
dberry@bhlawtn.com

on this 9th day of January 2014.

*John P. Rodgers*
John P. Rodgers